E-FILED
Thursday, 27 October, 2011  03:10:48 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY ELISE ECKARDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-cv-1243 |
| | ) |
| CLERK OF THE CIRCUIT COURT | ) |
| OF THE TENTH JUDICIAL CIRCUIT | ) |
| OF ILLINOIS, TAZEWELL COUNTY, | ) |
| | ) |
| Defendant. | ) |

## O R D E R

This matter is before the Court on Magistrate Judge Byron Cudmore's Report and Recommendation dated October 6, 2011 [#23].  In the Report and Recommendation, the Magistrate Judge recommends that Defendant Clerk of the Circuit Court of the Tenth Judicial Circuit of Illinois, Tazewell County's ("Defendant")  Motion to Dismiss [#5] be GRANTED and this matter be dismissed for lack of subject matter jurisdiction.  Subsequently, on October 12, 2011, Plaintiff Amy Eckardt filed a Motion to Change Venue requesting that this Court transfer this action to "Tazewell County State Court of Jurisdiction in accordance with F.R.C.P. F(9) and Title 28 § 1441.'  For reasons stated herein, the Court now adopts the Report and Recommendation [#23] and GRANTS the Defendant's Motion to Dismiss [#5].  As a result, the remaining pending motions (Plaintiff's Motion for Summary Judgment [#16], Defendant's Motion to Strike Motion for Summary Judgment [#18], Plaintiff's Motion to Quash [#24], and Plaintiff's Motion to Change Venue [#25]) are DENIED as MOOT.

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made.  *See* Fed. R. Civ. P. 72(b).  "The

district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

More than fourteen (14) days have elapsed since the filing of the Report & Recommendation, and the only filing that could be liberally construed as a response to the Report and Recommendation is Plaintiff's Motion to Change Venue [#25].  However, in that motion Plaintiff does not take issue with the Report and Recommendation; but rather, requests that this matter be transferred to an Illinois state court.   As the parties failed to present timely objections, any such objections have been waived.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7thCir. 1986). The Court reviews the Magistrate Judge's recommendation for clear error.  See Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

## PROCEDURAL HISTORY

Plaintiff brings the instant action against Defendant asserting that she was and has been denied access to her juvenile file.  She requests that this Court require the Defendant to follow the Illinois Juvenile Court Act and the Illinois Freedom of Information Act and allow her access to the file.  Plaintiff also requests general damages in the amount of $500,000.00.

Defendant's Motion to Dismiss argues that the Complaint in void of any grounds for this Court's jurisdiction and requests that this matter be dismissed.  In response, Plaintiff argues that jurisdiction for this cause exist under the Freedom of Information Act, 5 U.S.C. §552(a)(4)(B).

## DISCUSSION

Because  Plaintiff has filed this action against the "Clerk of the Court of Tazewell County," it is presumed that Plaintiff is taking issues with Defendant in his or her official capacity.  This presumption becomes more clear when examining the entire Complaint, including the relief

requested, because Plaintiff seeks have the Defendant adhere to various state laws in his or her official capacity as clerk.  In his Report and Recommendation, the Magistrate Judge correctly concluded that the Eleventh Amendment bars this Court from hearing this case.  Issues involving the Eleventh Amendment arise when a private party initiates a lawsuit against a state.  Indeed, the Eleventh Amendment prohibits a federal court from exercising jurisdiction over certain claims against a state.  Scott v. O'Grady, 975 F.2d 366, 369 (7th Cir. 1992).  State agencies and state officials are included in the protections extended to a state under the Eleventh Amendment. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106 (1984).  Without question, the Clerk of a Court is a "state agent' for purposes of the Eleventh Amendment Immunity.  Curry v. Puncinski, 839, 843 (N.D.Ill. 1994).  This Complaint seeking to enjoin Defendant to follow state law falls squarely within the Eleventh Amendment protections.  As a result, the Court is without jurisdiction to hear this matter.

     Additionally, it should be noted that Plaintiff bears the burden of proof on the issue of jurisdiction and asserts that jurisdiction is established under 5 U.S.C. § 552(a)(4)(B).  However, a suit against the Clerk of the Court of Tazewell County cannot proceed under the Federal Freedom of Information Act ("Federal FOIA") because the statute is inapplicable to an Illinois state agency and its officer.  In order for the Federal FOIA to be applicable, the Defendant must be any "agency" as defined under the statute.  The Federal FOIA defines "agency" as "each authority of the Government of the United States." 5 U.S.C. § 552.  As the Magistrate Judge explained, the Clerk is an officer of the government of the State of Illinois, not the government of the United States. Therefore, the Clerk is not an "agency" for purposes of the Federal FOIA and there is no viable claim under the Federal FOIA.

     In her Motion for Change Venue, Plaintiff requests that this matter be transferred to Tazewell

County State Court of Jurisdiction in accordance with "F.R.C.P.F. (9) and Title 28 § 1441." Plaintiff cites a statute that allows the District Court to transfer a matter to another District Court, not a state court. This case was not removed from an Illinois state court and there is no authority for this Court to do as Plaintiff has so requested. However, from her pleading, it is clear that Plaintiff no longer wants to litigate the matter in this Court. Plaintiff controlled the forum for this suit by filing it in this Court and now that it is dismissed, she is certainly free to file in any Court. Whether another court has jurisdiction or will hear any of these claims is for that Court to decided. What is clear; however, is that this matter cannot proceed in this Court.

## **CONCLUSION**

For reasons stated herein, this Court ADOPTS the Magistrate Judge's Report and Recommendation [#23]. The Defendant's Motion to Dismiss [#5] for lack of subject matter jurisdiction is GRANTED. Because this Court lacks subject matter jurisdiction, Plaintiff's Complaint [#1] is DISMISSED. All remaining pending motions are denied as moot. This case is now TERMINATED.

ENTERED this 27th day of October, 2011.

                /s/ Michael M. Mihm
                 Michael M. Mihm
               United States District Judge